IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00725-CNS

IVAN ARANA-HERNANDEZ,

    Plaintiff,

v.

JUAN BALTASAR, Warden of Denver Contract Detention Facility,
ROBERT HAGAN, Field Office Director, Denver Field Office Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, Department of Homeland Security, and
PAMELA BONDI, Attorney General,

    Defendants.

---

## ORDER

---

    Before the Court is Petitioner's fully briefed Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See, e.g.,* ECF No. 8. It's GRANTED, and no hearing is required. *Cf.* 28 U.S.C. § 2243. In granting the petition, the Court presumes familiarity with the parties' briefing, and this case's factual and procedural background. See ECF Nos. 8, 11, 13.

    This habeas case boils down to three core issues. Accordingly, the Court's analysis proceeds in the following order. *First*, it considers the stay's effect on Petitioner's claims. Specifically, whether Respondents' appeal to the Board of Immigration Appeals of the immigration judge's February 22, 2026 order granting Petitioner bond—which

1

resulted in an automatic stay of the immigration judge's bond order and thus prolonged Petitioner's detention—is lawful. *Second*, it considers whether Petitioner's claims are ripe. *Third*, it considers the merits of Petitioner's remaining claims.

**_Automatic Stay of the Immigration Judge's Bond Determination._** This case asks whether an automatic stay provision violates Petitioner's due process rights or the Immigration and Nationality Act. *Compare* ECF No. 11 at 3, *with* ECF No. 13 at 10. The Court agrees with Petitioner that Respondents' "invocation of the automatic stay" under 8 C.F.R. § 1003.19 is unlawful. *Id.* Numerous courts have persuasively reached the same conclusion, and the Court sees no reason to reach a contrary one here. *See, e.g., Leal-Hernandez v. Noem*, 803 F. Supp. 3d 409, 428 (D. Md. 2025) ("Where Petitioner's detention is discretionary and subject to bond redetermination . . . and the IJ has exercised his discretion to issue bond . . . the automatic stay of 8 C.F.R. § 1003.19(i)(2) renders both the discretionary nature of Petitioner's detention and the IJ's authority a nullity."); *Maza v. Hyde*, 807 F. Supp. 3d 42, 51 (D. Mass. 2025) ("Because the automatic stay regulation enables DHS to usurp the Immigration Judge's role in making detention and bond determinations, it exceeds the Congressional limit on the Attorney General's authority to delegate a statutory function."); *Jacinto v. Trump*, 796 F. Supp. 3d 584, 592 (D. Neb. 2025). Respondents fail to persuade otherwise. *See generally* ECF No. 11.

**_Ripeness._** The parties dispute whether Petitioners' claims are ripe, as "the Department of Justice has not yet reached a final decision regarding Petitioner's request for release on bond." ECF No. 11 at 12. *But see* ECF No. 13 at 2 ("[Petitioner's] claims are ripe."). The Court agrees with Petitioner because, notwithstanding any appeal to the

BIA, virtually all of Petitioner's claims "relate to the lack of an initial custody determination," *id.*, meaning that the "pending appeal has no effect on those legal and constitutional claims," *id.* at 3. And to the extent Petitioner's sixth claim is subject to litigation elsewhere—i.e., in the Ninth Circuit—he withdraws it. *See id.* at 9. Accordingly, given the nature of Petitioner's claims, they are ripe for adjudication.

**Merits.** The Administrative Procedure Act demands courts "set aside agency action, findings, and conclusions found to be . . . arbitrary and capricious." 5 U.S.C. § 706(2)(A). 8 U.S.C. § 1226 requires Respondents to make an initial custody determination in order to detain Petitioner. *See, e.g., Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493 (S.D.N.Y. 2025); *Lopez v. Barr*, 458 F. Supp. 3d 171, 175 (W.D.N.Y. 2020) ("Detention under Section 1226(a) requires an initial custody determination by an Immigration and Customs Enforcement officer." (citation modified)). The record indicates, and Respondents acknowledge, that Petitioner was and is detained under § 1226. *See, e.g.,* ECF No. 11 at 12; ECF No. 8 at 5; ECF No. 8-2 at 1; ECF No. 8-3 at 2; *Requejo Roman v. Castro*, No. 2:25–cv–01076–DHU–JHR, --- F. Supp. 3d. ----, 2026 WL 125681, at *1 n.1 (D.N.M. Jan. 12, 2026) (observing "Section 236 of the INA corresponds to Section 1226").[*] The record also indicates that Petitioner was detained without an initial custody determination. *See, e.g.,* ECF No. 8 at 6; ECF No. 8-2 at 1. Respondents do not

---

[*] To the extent that Respondents appear to argue that Petitioner's detention is simultaneously proper under § 1225 and § 1226, *see* ECF No. 11 at 12, this is belied by the record, *see, e.g.,* ECF No. 8-3 at 2 (stating Petitioner was served with a Form I-200 Warrant of Arrest), and the law. *See, e.g., Rodriguez-Acurio v. Almodovar*, No. 2:25–cv–6065 (NJC), --- F. Supp. 3d ----, 2025 WL 3314420, at *24 (E.D.N.Y. Nov. 28, 2025) ("Sections 1225 and 1226 are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226." (citation modified)); *Hernandez v. Baltazar*, No. 1:25–cv–03094–CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025).

contest this, nor could they. *See id.* ("[T]here is now no bond for this [immigration court] to redetermine."); ECF No. 11 at 2. The immigration judge's amended order, issued February 22, 2026, doesn't change this, as this amended order simply gives the immigration judge's prior "alternate finding" as to Petitioner's bond "full effect." ECF No. 8-5 at 1. It did not revise—nor could it—the prior conclusion that Respondents failed to make an initial custody determination.

For these reasons, Respondents did not comply with their own regulations. *Cf.* 8 C.F.R. § 236.1(c)(8); *Diaz Zacarias v. Noem*, No. 3:26cv130 DRL–SJF, 2026 WL 653666, at *3 (N.D. Ind. Mar. 9, 2026) (citing § 236.1(c)(8) and describing its process as "an initial custody determination"); *Singh v. Noem*, No. 2:26–cv–00503–LK, 2026 WL 657036, at *4 (W.D. Wash. Mar. 9, 2026) (same). Therefore, Petitioner's detention was "arbitrary and capricious," § 706(2)(A), and must be set aside. *See, e.g., New Mexico Farm & Livestock Bureau v. United States Dep't of Interior*, 952 F.3d 1216, 1231 (10th Cir. 2020) ("When an agency does not comply with its own regulations, it acts arbitrarily and capriciously." (citation modified)); *Chewy, Inc. v. U.S. Dep't of Lab.*, 69 F.4th 773, 776 (11th Cir. 2023) ("The failure of an agency to comply with its own regulations constitutes arbitrary and capricious conduct." (citation modified)). Nothing about an appeal or stay complicates this conclusion. And because the Court concludes that Petitioner's detention is unlawful under the APA, as well as that the stay is unlawful, the Court need not reach the remainder of his claims. *See, e.g., Sorenson Commc'ns, Inc. v. F.C.C.*, 567 F.3d 1215, 1222 (10th Cir. 2009); *Singh v. Baltazar*, No. 1:26–cv–00336–CNS, --- F. Supp. 3d ----, 2026 WL 352870, at *6 (D. Colo. Feb. 9, 2026).

\* \* \*

Consistent with the above analysis, Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 8, is GRANTED. It is FURTHER ORDERED THAT Petitioner shall be released from custody subject to, and in accordance with, the terms and conditions, including bond conditions, imposed by the immigration judge in her February 22, 2026 order. *See* ECF No. 80-5. Respondents SHALL NOT IMPOSE any conditions beyond those imposed by the immigration judge in the February 22, 2026 order. Respondents SHALL FILE a status report within FIVE DAYS of this order stating whether Petitioner has been released on bond.

DATED this 12th day of March 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

5